IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BILLY RODGERS,                                :

                              Plaintiff,

    -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                          Defendant.          :

Case No. 3:07-cv-179

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. Section 2421(d). Doc 13. The Commissioner has filed his opposition to Plaintiff's Motion. Doc. 15. Plaintiff has not filed a Reply and the time within which to do so has passed. S.D. Ohio Civ.R. 7.2(a)(1).

District Judge Rice has referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C), and § 636(b)(3) for purposes of preparing a Report and Recommendations on Plaintiff's EAJA motion. Doc. 16.

Pursuant to the Equal Access to Justice Act (EAJA), Plaintiff seeks an award of attorney fees in the amount of $3,045.10. PageID 72. In support of his Motion, Plaintiff's counsel has provided an itemization of time which reveals that counsel spent 18.50 hours representing his client in this matter. PageID 78. Plaintiff does not seek an award for costs and expenses. Doc. 13.

The Commissioner opposes Plaintiff's Motion arguing that his position was "substantially justified" for purposes of the EAJA. Doc. 15.

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), any fee application be presented to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990). EAJA fees are payable to the litigant. *Astrue v. Ratliff,* 560 U.S. ___, ___, 130 S.Ct. 2521, 2524 (2010).

A review of the history of this matter is appropriate. Plaintiff filed his Complaint on May 10, 2007, seeking judicial review of the Commissioner's decision denying his applications for Social Security Disability (SSD) and Supplemental Security Income (SSI) benefits. Doc. 1. On January 25, 2008, the Magistrate Judge issued a Report and Recommendations recommending that the Commissioner' decision be affirmed. Doc. 9. Plaintiff filed Objections to that Report on February 13, 2008, (Doc. 10), and on March 28, 2008, Judge Rice rejected the Report in part and

adopted it in part and remanded the matter to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g). Doc. 11.

In rejecting the Report in part, Judge Rice determined that the Commissioner failed to weigh treating psychiatrist Dr. Kurvella's opinion under the factors described in the Commissioner's Regulations. PageID 67. Specifically, Judge Rice noted:

> While, arguably, the Administrative Law Judge's rejection of the opinion of Plaintiff's treating psychiatrist, Dr. Mary Kurvella, was supported by substantial evidence, it is clear that, while the opinion of Dr. Kurvella might not have been entitled to controlling evidence, any treating physician's opinion is entitled to significant or deferential weight, unless the Administrative law Judge clearly sets forth his reasoning for not according same to the opinion of that physician. Simply stated, the Administrative Law Judge was required to weight Dr. Kurvella's opinion under the factors described in the Defendant's Regulations, to wit: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source in determining what weight to be given the opinion." *Wilson v. Commissioner of Social Security,* 378 F.3d 541 (6th Cir. 2004], citing 20 C.F.R. § 404.1527(d)(2). A review of the ALJ's opinion, Tr. 14-25, contains no evidence that the aforementioned factors were considered by him in determining what weight, short of controlling weight, should be given to the opinion of the Plaintiff's treating psychiatrist.

PageID 66-67. Second, in adopting the Report in part, Judge Rice agreed with the conclusion that the Commissioner properly relied on the Vocational Expert's (VE) testimony. PageID 68; see also PageID 53-54.  In accordance with Judge Rice's March 28, 2008, Decision and Entry, on that same date the Clerk entered judgment in favor of Plaintiff and against the Commissioner. Doc. 12. This Motion followed on April 28, 2008. Doc. 13.

As noted above, the Commissioner has opposed Plaintiff's Motion arguing that his position was "substantially justified" and therefore Plaintiff is not entitled to an award of EAJA

fees. There is no dispute, therefore, that for purposes of the EAJA, Plaintiff is a prevailing party and that he timely filed his present Motion. The Court therefore turns to the question of whether, in the underlying litigation, the Commissioner's position was "substantially justified".

The proper test for determining whether the government's position was substantially justified is whether the "position was justified, both in fact and in law to a degree that would satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *Jankovich,* 868 F.2d at 869. That the Commissioner did not ultimately prevail in the litigation does not establish that the Commissioner's position was not substantially justified. *Pierce, supra.* The fact that the Commissioner's decision was not supported by "substantial evidence" does not require automatically that the court find that for purposes of an EAJA application the Commissioner's position was not "substantially justified". *Meyers v. Heckler,* 625 F.Supp. 228, 232 (S.D. Ohio 1985)(citation omitted). In other words, "[t]he fact that this [C]ourt finds a decision of the [Commissioner] not supported by substantial evidence is not equivalent to a finding that the position of the [Agency] was not substantially justified. *Couch v. Secretary of Health & Human Services,* 749 F.2d 359-60 (6th Cir. 1984). "The substantial justification standard is a lesser standard than the substantial evidence standard used to review administrative determinations." *Brouwers v. Bowen,* 823 F.2d 273, 275 (8th Cir. 1987)(citations omitted).

First, the Commissioner argues that his position in the underlying litigation was substantially justified because the Court agreed that the Commissioner properly relied on the VE's testimony. PageID 85-86. Second, the Commissioner argues that although the Court found that the ALJ's decision was deficient because it did not articulate its application of the particular regulatory factors in determining what weight should have been given to Dr. Kurvella's opinion, the Court acknowledged that "arguably, the Administrative Law Judge's rejection of the opinion

4

of Plaintiff's treating psychiatrist, Dr. Mary Kurvella, was supported by substantial evidence" and "the opinion of Dr. Kurvella might not have been entitled to controlling evidence [sic]." PageID 86.

The question is whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits in light of the deficiencies in the ALJ's analysis of the weight to be afforded to the treating physician's opinion. See *Ratliff v. Commissioner of Social Security,* 465 Fed.Appx. 459, 560 (6th Cir. 2012).

As the Report noted, although Dr. Kurvella opined that Plaintiff was disabled, her office records did not support her opinion. PageID 52. Specifically, at various times Dr. Kurvella documented that Plaintiff's condition was stable, he had "a good Christmas", took care of his pets, his relationship with his girlfriend was "going well", he was cooperative, had an appropriate affect, had no depression or anxiety, was getting along with others, talked about getting his GED or a part-time job, his medications were helping, he had no complaints about sleeping, was alert and oriented, was doing "OK", had no acute problems, and that he had no side effects from his medications. Basically, Dr. Kurvella's notes describe normal mental status exams and few, if any, complaints or problems. These clinical observations which Dr. Kurvella documented not only fail to support her opinion, they also cast doubt on Plaintiff's disability.

In addition to Dr. Kurvella's unsupported opinion, as Plaintiff pointed out in his Statement of Specific Errors, (Doc. 7), a reviewing psychologist reported that Plaintiff had intact mental capacities for simple work tasks, routines, relationships, and adjustments, and that he was ill-suited for work with the public and for tasks imposing stringent production quotas. PageID 26, citing Tr. 168. A second reviewing psychologist affirmed that opinion. *Id.* Those opinions likewise cast doubt on Plaintiff's disability.

5

In light of the above-cited evidence in the record, the Commissioner's position in the underlying litigation was substantially justified in spite of the ALJ's articulation error in his analysis of treating psychiatrist Dr. Kurvella's opinion.

It is therefore recommended that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. Section 2412(d) be DENIED.

February 21, 2013.                                              s/ *Michael R. Merz*
                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).